IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| **DAVID RAY CROFFORD** § § § | |
| vs. § § § | CASE NO. 6:24-cv-248-JDK-KNM |
| **ANDERSON COUNTY** § § § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff David Ray Crofford, proceeding *pro se*, filed this lawsuit on July 15, 2024, seeking relief pursuant to 42 U.S.C. § 1983. The matter is referred to the undersigned pursuant to a standing order in accordance with 28 U.S.C. § 636.

In the complaint, Plaintiff states that he is seeking to stay a criminal case judgment entered in Anderson County, Texas—Cause No. 3CR-18-33893. Plaintiff complains that he was coerced into entering a plea agreement. Plaintiff alleges that his due process rights were violated during the process leading up to his conviction and he did not understand the terms of his agreement. In addition to monetary damages, Plaintiff seeks an order finding his conviction unconstitutional and dismissing the charges against him.

It is well-settled that a plaintiff convicted of a crime cannot recover damages for an alleged violation of his constitutional rights if the alleged violation arose from the same facts giving rise to the charge for which he was convicted, unless the plaintiff proves "that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's

1

issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87, 114 S.Ct. 2364 (1994). In other words, a plaintiff does not have a cognizable claim pursuant to § 1983 until he can show that his conviction has been invalidated. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Claims for injunctive relief must first be pursued in habeas corpus proceedings and claims for monetary damages are not cognizable until the convicted plaintiff meets the precondition for filing suit of achieving an invalidation of the conviction by one of the means stated in *Heck*. *Id*.

Because Plaintiff is proceeding *pro se*, the Court provided Plaintiff an opportunity to amend his pleading to address the noted deficiencies. ECF. 2. Plaintiff did not file an amended pleading. Instead, Plaintiff filed a document titled, "Objection," contesting referral of the case to a magistrate judge. In addition, Plaintiff argues that his constitutional rights were violated in the underlying criminal case proceeding and he submits that his claim here does not arise from the same facts giving rise to his conviction because he is challenging procedural issues concerning his trial.

Here, Plaintiff seeks to overturn his state conviction and receive monetary damages. He has not alleged any facts showing that he successfully challenged his conviction in an appeal or a collateral habeas proceeding. Plaintiff does not have a cognizable claim pursuant to § 1983 until he can show that his conviction has been invalidated. *Johnson v. McElveen*, 101 F.3d at 424. The matter is properly referred to a magistrate judge in accordance with 28 U.S.C. § 636.

For these reasons, the complaint should be dismissed with prejudice for failure to state a claim on which relief may be granted. FED. R. CIV. P. 12(b)(6). Plaintiff has not alleged facts to support a viable claim for relief.

2

## RECOMMENDATION

It is recommended that the complaint be dismissed with prejudice for failure to state a claim on which relief may be granted. FED. R. CIV. P. 12(b)(6).

Within fourteen days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b). Written objections shall not exceed eight pages. Local Rule CV-72(c).

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this Report within fourteen days after service shall bar that party from *de novo* review by the district judge of those findings, conclusions, and recommendations, and except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United States Auto. Assn.*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

So ORDERED and SIGNED this 29th day of August, 2024.

_____
K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE