IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| DAVID RAY CROFFORD, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Case No. 6:24-cv-248-JDK-KNM |
| § | |
| ANDERSON COUNTY, § | |
| § | |
| Defendant. § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff David Ray Crofford brings this pro se lawsuit alleging civil rights violations pursuant to 42 U.S.C. § 1983. The case was referred to United States Magistrate Judge K. Nicole Mitchell pursuant to 28 U.S.C. § 636.

On August 29, 2024, Judge Mitchell issued a Report and Recommendation recommending dismissal with prejudice for failure to state a claim upon which relief may be granted. Docket No. 4. Plaintiff filed written objections. Docket No. 5.

Where a party timely objects to the Report and Recommendation, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

Plaintiff's objections do not dispute that Plaintiff is seeking to overturn a state conviction and receive money damages, even though he has not successfully challenged his conviction on appeal or through a collateral habeas proceeding. Instead, Plaintiff argues that he should not be required to do so. But a plaintiff seeking damages or injunctive relief from an alleged violation of his constitutional rights arising out of a criminal conviction does not have a cognizable claim pursuant to 42 U.S.C. § 1983 until he can show that his conviction has been invalidated. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996). Claims for injunctive relief must first be pursued in habeas corpus proceedings and claims for money damages are not cognizable until the convicted plaintiff meets the precondition for filing suit of achieving an invalidation of the conviction by one of the means stated in *Heck v. Humphrey*, 512 U.S. 477 (1994). Thus, Plaintiff has not alleged facts stating a claim on which relief may be granted.

Having conducted a de novo review of the record in this case and the Magistrate Judge's Report, the Court has determined that the Report of the Magistrate Judge is correct, and Plaintiff's objections are without merit. Accordingly, the Court hereby **ADOPTS** the Report of the Magistrate Judge (Docket No. 4) as the opinion of the District Court. This case is **DISMISSED** with prejudice for failure to state a claim.

So **ORDERED** and **SIGNED** this **2nd**  day of **October, 2024.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE